**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| CHELSEA PRICE, individually and onbehalf of others similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff | ) | **FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)** |
| vs. | ) | |
| OAKLAND CITY UNIVERSITY, FOUNDED BY GENERAL BAPTISTS, INC. | ) | **CASE NO.** |
| Defendant. | ) | |

***PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

## *I. INTRODUCTION*

1. Plaintiff, Chelsea Price ("Price" or "Plaintiff") brings this combined Rule 23 class action and Fair Labor Standards Act (FLSA) collective action lawsuit against Defendant, Oakland City University, Founded By General Baptists, Inc., ("Oakland City" or "Defendant") to address class-wide wage payment violations committed by Defendant against her and her fellow employees who work for Defendant at its University in Indiana University. Price will serve as the representative plaintiff in the Rule 23 class action and Fair Labor Standards Act collective action.

2. Price brings this action of behalf of herself and all other similarly situated employees located in Oakland City, Indiana.

3. Pursuant to its policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal wages for all hours worked.

4. Defendant failed to compensate employees properly for all time worked, resulting in FLSA violations, as well as violations of Indiana's wage payment laws.

5. Defendants' systematic violation of federal and state wage laws was willful and in bad faith. Defendant's bad faith and willful violations will be proven in numerous ways.

6. Price, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid Federally mandated wages owed to Price and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq*.

7. Price's class action and FLSA collective action claims based upon Defendant's class-wide failure to pay employees for work will be perfect for class and collective action treatment and will be easy to prove. Defendant's wage and hour violations will be shown based upon a comparison of their work records and the face of pay stubs Defendant issues to its employees.

## *II. PARTIES*

8. Price is an individual who resides in Monroe County, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Price was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Price has been employed by Defendant at its University which is located in Oakland City, Indiana. During her employment, Price has worked as a soccer coach and at other jobs, all of which are non-exempt positions. Price remains an employee as of the date of this filing.

10. Oakland City is an educational entity, incorporated under the laws of the State of Indiana, with its main office at 138 North Lucretia Street, Oakland, Indiana, 47660, and duly authorized to do business within the State of Indiana.

11. Oakland City is Price's "employer" as that term is described under I.C. 22-2-5-1, *et seq.*

12. At all relevant times, Oakland City has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Oakland City is Price's "employer" as that term is described under I.C. 22-2-5-1, *et seq*

14. At all relevant times, Defendant was the employer of Price, and all other similarly situated employees.

15. Price and all similarly situated employees are non-exempt, employees who worked or worked for Defendant within the respective limitations periods.

## *III. JURISDICTION*

16. This Court has jurisdiction over Oakland City because Price brings claims arising under federal law. This Court has supplemental jurisdiction over Price's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## *IV. VENUE*

17. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## *V. FLSA COVERAGE*

18. At all times hereinafter mentioned, Oakland City has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Oakland City has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

20. At all times hereinafter mentioned, Price was, and is, an employee engaged in commerce.

## *VI. FACTUAL ALLEGATIONS*

21. Price re-alleges the allegations set forth above.

22. Price is employed by Defendant, as an athletic coach for its women's soccer team, and also is employed in other various capacities by Defendant.

23. Price has performed work in her employment for which she has no been paid.

24. Although, Defendant has promised to pay Price, and other of its employees for its uncompensated work, it has failed and refused to do so.

25. As a result of the actions, and inactions, of Defendant, Price and her fellow employees have sustained damages.

## *VII. CLASS AND COLLECTIVE ACTION ALLEGATIONS*

26. Price re-alleges the allegations set forth above.

### COUNT I: FLSA Minimum Wage Collective

27. Price brings Count I, the FLSA claim arising out of Defendant's unlawful failure to pay required wages, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

> All non-exempt employees who performed work for Defendant after April 27th, 2026 and who have been paid no wages between April 27th, 2026 and June 1st, 2026.

The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

### COUNT II: IWPS Unpaid Wage Class

28. Price brings Count II, the Indiana Wage Payment Statute ("IWPS") claim arising out of Defendant's unlawful failure to pay wages, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All employees who were employed by Defendant after April 27th, 2026, and who were paid no wages between. April 27th, 2026 and June 1st, 2026.

The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

29. With respect to FRCP 23(b)(3) class action claim under the Indiana Wage Payment Statute, Price will serve as class representative over the proposed classes described above.

30. Based upon information and belief, the number of potential class members is believed to be more than a hundred individuals, however, the actual number of Defendant's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Price will pursue discovery to obtain the names of the other current and former employees of Defendant, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

31. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

32. Price's claims are typical of the claims of the whole collective group of employees harmed by Defendant' illegal wage practices. Price's claims are typical of the claims of the whole class of employees harmed by Defendant' illegal wage practices.

33. Price will act to fairly and adequately protect the interests of the entire collective group of current and former employees of Defendant. Price will act to fairly and adequately protect the interests of the Rule 23 classes of current and former employees who work or worked at Defendant's U36niversity in Oakland City, Indiana.

34. A "combined" collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Defendant. For example, to prove Defendant's illegal wage practices, Price and other members of these collective groups/classes would seek in discovery records about all similarly situated employees who were similarly denied earned wages and compensation under Defendant's actions. Individual lawsuits by the members of the collective groups/classes could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for

limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

35. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

36. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured. Because Defendant' compensation system which required and resulted in uncompensated work and underpaid wages to employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## *VIII. STATEMENT OF CLAIMS*

### *A. Fair Labor Standards Act Claim (Count I)*

37. Price incorporates herein by reference paragraphs 1 through 36 above.

38. Defendant violated Price's rights and the rights of all members of the Plaintiff

Classes to be properly paid wages in a manner required by the FLSA. Defendant has committed violations by failing to properly pay Price and her similarly situated coworkers for all work.

39. Defendant has repeatedly violated the FLSA's provisions by not paying Price and members of the Plaintiff Classes at the required compensation.

40. Price and the Plaintiff Classes seek all available damages, including unpaid wages and compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Defendant's violations of their rights under the Fair Labor Standards Act.

***B. Indiana Wage Payment Statute Claim (Count II)***

41. Price incorporates herein by reference paragraphs 1 through 40 above.

42. Price has statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Price is the named Plaintiff who represents the same or similar interests of all employees at Defendant at its University in Oakland City, Indiana.

43. By way of her Claims, Price is seeking, individually and on behalf of members of the Plaintiff Classes, all available damages, including all unpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Price and her fellow Plaintiff Class members may be entitled pursuant to law.

44. Pursuant to I.C. 22-2-5-2, Price is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, plus all available damages, including, liquidated additional monetary damage, plus all attorney's fees, costs and expenses. Price further expressly asserts and alleges that Defendant acted in bad faith and certainly were not complying with the Indiana Wage Payment Statute in "good faith."

## *IX. PRAYER FOR RELIEF*

WHEREFORE, Price requests that the Court enter judgment against Defendant and issue all available relief to her and to all eligible members of the Plaintiff Classes, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;
2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;
3. All unpaid and underpaid wages;
4. All reasonable attorney's fees and expenses;
5. Costs;
6. Prejudgment interest, if available; and
7. Any and all other relief just and proper in the premises.

s/Robert F. Hunt
Robert F. Hunt (#7889-84)
Robert J. Hunt (#30686-49)

The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste. 168
Carmel, Indiana 46032

Telephone: (317) 743-0614
Facsimile: (317) 743-0615

E-Mail: rob@indianawagelaw.com
rfh@indianawagelaw.com

Attorneys for Plaintiff