UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHELSEA PRICE, individually and on behalf of others similarly situated | ) CLASS ACTION COMPLAINT |
| Plaintiff, | ) FLSA COLLECTIVE ACTION ) COMPLAINT UNDER ) U.S.C. § 216(b) |
| v. | |
| OAKLAND CITY UNIVERSITY, FOUNDED BY GENERAL BAPTISTS, INC., | ) CASE NO. 3:26-CV-00118-MPB-CSW |
| Defendant. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Defendant, Oakland City University, Founded by General Baptists, Inc., ("**Oakland City**"), by counsel, for their Answer ("**Answer**") to *Plaintiff's Combined Class Action and FLSA Collective Action Complaint for Damages* (the "**Complaint**") and in support states:

**PARTIES**

1. Plaintiff, Chelsea Price ("Price" or "Plaintiff") brings this combined Rule 23 class action and Fair Labor Standards Act (FLSA) collective action lawsuit against Defendant, Oakland City University, Founded by General Baptists, Inc., ("Oakland City" or "Defendant") to address class-wide wage payment violations committed by Defendant against her and her fellow employees who work for Defendant at its University in Indiana University. Price will serve as the representative plaintiff in the Rule 23 class action and Fair Labor Standards Act collective action.

**ANSWER:**

Oakland City admits that Plaintiff Chelsea Price, individually and on behalf of others similarly situated, the ("**Plaintiff**"), brought this action against Oakland City University, Founded by General Baptists, Inc. Oakland City denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Price brings this action of behalf of herself and all other similarly situated employees located in Oakland City, Indiana.

**ANSWER:**

Paragraph 2 of the Complaint contains no allegations as to Oakland City and therefore no respond is necessary or required. To the extent that a response is required, Oakland City lacks sufficient information to answer or otherwise respond to the allegations contained in paragraph 2 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

3. Pursuant to its policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, the mandated federal wages for all hours worked.

**ANSWER:**

The allegations contained in paragraph 3 of the Complaint are insufficiently specific for Oakland City to formulate a response and as a result, Oakland City denies the same.

4. Defendant failed to compensate employees properly for all time worked, resulting in FLSA violations, as well as violations of Indiana's wage payment laws.

**ANSWER:**

The allegations contained in paragraph 4 of the Complaint are insufficiently specific for Oakland City to formulate a response and as a result, Oakland City denies the same.

5. Defendants' systematic violation of federal and state wage laws was willful and in bad faith. Defendants' bad faith and willful violations will be proven in numerous ways.

**ANSWER:**

Oakland City denies the allegations contained in paragraph 5 of the Complaint.

6. Price, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid Federally mandated wages owed to Price and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, et seq.

**ANSWER:**

Oakland City admits that Plaintiff Chelsea Price, individually and on behalf of others similarly situated, brought this action against Oakland City under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, et seq. and denies all other allegations contained in the paragraph 6 of the Complaint.

7. Price's class action and FLSA collective action claims based upon Defendant's class-wide failure to pay employees for work will be perfect for class and

collective action treatment and will be easy to prove. Defendant's wage and hour violations will be shown based upon a comparison of their work records and the face of pay stubs Defendant issues to its employees.

**ANSWER:**

The allegations in paragraph 7 contain legal conclusions to which a response is neither necessary nor required. To the extend a response is required, Oakland City states that 29 U.S.C. § 203(d) speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

**PARTIES**

8. Price is an individual who resides in Monroe County, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Price was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**ANSWER:**

Paragraph 8 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required, Oakland City admits that Price was employed by Oakland City and lacks sufficient information to answer or otherwise respond to the allegations contained in paragraph 8 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

9. Price has been employed by Defendant at its University which is located in Oakland City, Indiana. During her employment, Price has worked as a soccer coach

and at other jobs, all of which are non-exempt positions. Price remains an employee as of the date of this filing.

**ANSWER:**

Oakland City admits Plaintiff is employed at its university. Oakland City admits Plaintiff has been employed as a soccer coach. With respect to the nature of Price's position, such a determination is a legal conclusion to which a response is neither necessary nor required.

10. Oakland City is an educational entity, incorporated under the laws of the State of Indiana, with its main office at 138 North Lucretia Street, Oakland, Indiana, 47660, and duly authorized to do business within the State of Indiana.

**ANSWER:**

Oakland City admits the allegations contained in paragraph 10 of the Complaint.

11. Oakland City is Price's "employer" as that term is described under I.C. 22-2-5- 5-1, et seq.

**ANSWER:**

The allegations in paragraph 11 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that under I.C. 22-2-5- 5-1, et seq., speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

12. At all relevant times, Oakland City has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

The allegations in paragraph 12 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that under 29 U.S.C. § 203(d) speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

13. Oakland City is Price's "employer" as that term is described under I.C. 22-25- 5-1, et seq

**ANSWER:**

The allegations in paragraph 13 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that under I.C. 22-2-5- 5-1, et seq., speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

14. At all relevant times, Defendant was the employer of Price, and all other similarly situated employees.

**ANSWER:**

Oakland City admits that it was the employer of Price. Oakland City lacks sufficient information to answer or otherwise respond to the remaining allegations contained in paragraph 14 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

15. Price and all similarly situated employees are non-exempt, employees who worked or worked for Defendant within the respective limitation periods.

**ANSWER:**

The allegations in paragraph 15 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City lacks sufficient information to answer or otherwise respond to the allegations contained in paragraph 15 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

**JURISDICTION**

16. This Court has jurisdiction over Oakland City because Price brings claims arising under federal law. This Court has supplemental jurisdiction over Price's Indiana state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Oakland City admits that the Court has jurisdiction.

**VENUE**

17. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Oakland City admits that venue is proper.

**FLSA COVERAGE**

18. At all times hereinafter mentioned, Oakland City has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:**

Paragraph 18 of Plaintiff's Complaint contains legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that Section 3(r) of the FLSA, 29 U.S.C. § 203(r) speaks for

itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

19. At all times hereinafter mentioned, Oakland City has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

**ANSWER:**

Paragraph 19 of Plaintiff's Complaint contains legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

20. At all times hereinafter mentioned, Price was, and is, an employee engaged in commerce.

**ANSWER:**

Paragraph 20 of Plaintiff's Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required, Oakland City lacks sufficient information to answer or otherwise respond to the allegations contained in paragraph 20 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

## FACTUAL ALLEGATIONS

21. Price re-alleges the allegations set forth above.

**ANSWER:**

Oakland City restates and incorporates by reference its responses to the allegations contained in paragraphs 1-20 of the Complaint as if fully restated herein.

22. Price is employed by Defendant, as an athletic coach for its women's soccer team, and also is employed in other various capacities by Defendant.

**ANSWER:**

Oakland City admits that Price is employed as an athletic coach for its women's soccer team. The remaining allegations contained in paragraph 22 of the Complaint are insufficiently specific for Oakland City to form a response and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

23. Price has performed work in her employment for which she has not been paid.

**ANSWER:**

The allegations contained in paragraph 23 of the Complaint are insufficiently specific for Oakland City to form a response and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

24. Although, Defendant has promised to pay Price, and other of its employees for its uncompensated work, it has failed and refused to do so.

**ANSWER:**

Oakland City denies the allegations contained in paragraph 24 of the Complaint.

25. As a result of the actions, and inactions, of Defendant, Price and her fellow employees have sustained damages.

**ANSWER:**

Oakland City denies the allegations contained in paragraph 25 of the Complaint.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

26. Price re-alleges the allegations set forth above.

**ANSWER:**

Oakland City restates and incorporates by reference its response to the allegations contained in paragraphs 1-25 if the Complaint as if fully restated herein.

**COUNT I: FLSA MINIMUM WAGE COLLECTIVE**

27. Price brings Count I, the FLSA claim arising out of Defendant's unlawful failure to pay required wages, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class: All non-exempt employees who performed work for Defendant after April 27th, 2026, and who have been paid no wages between April 27th, 2026, and June 1st, 2026. The collective action class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

**ANSWER:**

Paragraph 27 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. The remaining allegations in

paragraph 27 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that 29 U.S.C. § 216(b) speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

28. Price brings Count II, the Indiana Wage Payment Statute ("IWPS") claim arising out of Defendant's unlawful failure to pay wages, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All employees who were employed by Defendant after April 27th, 2026, and who were paid no wages between. April 27th, 2026, and June 1st, 2026. The class defined herein remains subject to change or modification based on, among other things, certification-related discovery, agreement of the parties, and/or Order of the Court.

**ANSWER:**

Paragraph 28 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. The remaining allegations in paragraph 28 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that Fed. R. Civ. P. 23 and the Indiana Wage Payment Statute speak for themselves. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

29. With respect to FRCP 23(b)(3) class action claim under the Indiana Wage Payment Statute, Price will serve as class representative over the proposed classes described above.

**ANSWER:**

Paragraph 29 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required. Oakland City lacks sufficient information to answer or otherwise response to the allegations contained in paragraph 29 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

30. Based upon information and belief, the number of potential class members is believed to be more than a hundred individuals, however, the actual number of Defendant's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Price will pursue discovery to obtain the names of the other current and former employees of Defendant, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

**ANSWER:**

Paragraph 30 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required. Oakland City lacks sufficient information to answer or otherwise response to the allegations contained in paragraph 30 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

31. Particularly with the types of wage claims and practices at issue in this

case, there are questions of law and fact that are common to the entire collective group/class.

**ANSWER:**

Paragraph 31 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required. Oakland City lacks sufficient information to answer or otherwise response to the allegations contained in paragraph 31 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

32. Price's claims are typical of the claims of the whole collective group of employees harmed by Defendant' illegal wage practices. Price's claims are typical of the claims of the whole class of employees harmed by Defendant' illegal wage practices.

**ANSWER:**

The allegations in paragraph 32 contain legal conclusions to which a response is neither necessary nor required. To the extend a response is required, Oakland City states that the allegations are insufficiently specific for Oakland City to formulate a response and therefore Oakland City denies the same.

33. Price will act to fairly and adequately protect the interests of the entire collective group of current and former employees of Defendant. Price will act to fairly and adequately protect the interests of the Rule 23 classes of current and former employees who work or worked at Defendant's University in Oakland City, Indiana.

**ANSWER:**

Paragraph 33 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required. Oakland City lacks sufficient information to answer or otherwise response to the allegations contained in paragraph 33 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

34. A “combined” collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Defendant. For example, to prove Defendant’s illegal wage practices, Price and other members of these collective groups/classes would seek in discovery records about all similarly situated employees who were similarly denied earned wages and compensation under Defendant’s actions. Individual lawsuits by the members of the collective groups/classes could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

**ANSWER:**

Oakland City denies the allegations in paragraph 34 of the Complaint.

35. A determination regarding the “similarness” of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member’s damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members

may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

**ANSWER:**

Paragraph 35 of the Complaint contains no allegations as to Oakland City and therefore no response is necessary or required. To the extent that a response is required. Oakland City lacks sufficient information to answer or otherwise response to the allegations contained in paragraph 35 of the Complaint and as a result, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the allegations are considered denied.

36. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured. Because Defendant' compensation system which required and resulted in uncompensated work and underpaid wages to employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

**ANSWER:**

Oakland City denies the allegations contained in paragraph 36 of the Complaint.

## VIII. STATEMENT OF CLAIMS

### A. Fair Labor Standards Act Claim (Count I)

37. Price incorporates herein by reference paragraphs 1 through 36 above.

**ANSWER:**

Oakland City restates and incorporates by reference its responses to the allegations contained in paragraphs 1-36 of the Complaint as if fully restated herein.

38. Defendant violated Price's rights and the rights of all members of the Plaintiff Classes to be properly paid wages in a manner required by the FLSA. Defendant has committed violations by failing to properly pay Price and her similarly situated coworkers for all work.

**ANSWER:**

The allegations in paragraph 38 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that the FLSA, speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

39. Defendant has repeatedly violated the FLSA's provisions by not paying Price and members of the Plaintiff Classes at the required compensation.

**ANSWER:**

Oakland City denies the allegations contained in paragraph 39 of the Complaint.

40. Price and the Plaintiff Classes seek all available damages, including unpaid wages and compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Defendant's violations of their rights under the Fair Labor Standards Act.

**ANSWER:**

Oakland City denies that Price and the putative Plaintiff Classes are entitled to any damages, unpaid wages and compensation, liquidated damages, attorney's fees, costs, expenses, or any other relief sought in paragraph 40 of the Complaint.

**B. Indiana Wage Payment Statute Claim (Count II)**

41. Price incorporates herein by reference paragraphs 1 through 40 above.

**ANSWER:**

Oakland City restates and incorporates by reference its responses to the allegations contained in paragraphs 1-40 of the Complaint as if fully restated herein.

42. Price has statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Price is the named Plaintiff who represents the same or similar interests of all employees at Defendant at its University in Oakland City, Indiana.

**ANSWER:**

The allegations in paragraph 42 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that under I.C. 22-2-5, speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint.

43. By way of her Claims, Price is seeking, individually and on behalf of members of the Plaintiff Classes, all available damages, including all unpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Price and her fellow Plaintiff Class members may be entitled

pursuant to law.

**ANSWER:**

Oakland City denies that Price and the putative Plaintiff Classes are entitled to any damages, unpaid wages, liquidated damages, treble damages, attorney's fees, costs, expenses, or any other relief sought in paragraph 43 of the Complaint.

44. Pursuant to I.C. 22-2-5-2, Price is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, plus all available damages, including, liquidated additional monetary damage, plus all attorney’s fees, costs and expenses. Price further expressly asserts and alleges that Defendant acted in bad faith and certainly were not complying with the Indiana Wage Payment Statute in “good faith.”

**ANSWER:**

The allegations in paragraph 44 contain legal conclusions to which a response is neither necessary nor required. To the extent a response is required, Oakland City states that under I.C. 22-2-5, speaks for itself. However, by such statement, Oakland City does not admit that Plaintiff shall take anything against them by way of the Complaint. Oakland City denies that it acted in bad faith.

**WHEREFORE**, Oakland City University, Founded by General Baptists, Inc., respectfully requests that the Plaintiff, Chelsea Price take nothing by way of her Complaint as against Oakland City and that Oakland City be granted all such other and further relief to which may be justly entitled.

## AFFIRMATIVE DEFENSES

Defendants, Oakland City University, Founded by General Baptists, Inc., by counsel, for their Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Complaint fails to state a claim upon which relief may be granted.

2. The Complaint is barred by the doctrine of estoppel.

3. The Complaint is barred by the doctrine of laches.

4. The Complaint is barred by the doctrine of waiver.

5. Plaintiff has failed to mitigate its alleged damages and there is not entitled to a judgment.

**Oakland City University, Founded by General Baptists Inc., reserves the right to supplement their affirmative defenses as this matter progresses and discovery is undertaken.**

Respectfully Submitted,

*/s/ Weston E. Overturf*

Weston E. Overturf, Atty. No. 27281-49
Kroger, Gardis & Regas, L.L.P.
111 Monument Circle Suite 900
Indianapolis, IN 46204
(317) 777-7443
woverturf@kgrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Robert F. Hunt**
rfh@indianawagelaw.com,3043095420@filings.docketbird.com,hunt@huntlawfirm.net
**Robert J. Hunt**

rob@indianawagelaw.com
**Weston E. Overturf**
woverturf@kgrlaw.com,sharding@kgrlaw.com,lstella@kgrlaw.com,dgastenveld@kgrlaw.com

I further certify that July 21, 2026, a copy of the foregoing was mailed by first class United States mail, postage prepaid, and properly addressed to the following:

NONE

*/s/ Weston E. Overturf*
Weston E. Overturf