**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **CHELSEA PRICE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**OAKLAND CITY UNIVERSITY FOUNDED BY GENERAL BAPTISTS, INC.**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-00118-MPB-CSW<br><br>**CLASS ACTION COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION COMPLAINT UNDER 29 USC § 216(b)** |

**JOINT CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. Plaintiff: Chelsea Price, individually and on behalf of all others similarly situated

Defendant: Oakland City University Founded by General Baptists, Inc.

B. Plaintiff's Counsel:

Robert F. Hunt
Robert J. Hunt
The Law Office of Robert J. Hunt, LLC
1905 S. New Market St., Ste. 168
Carmel, Indiana 46032
Phone: (317) 743-0614
Fax: (317) 743-0615
rfh@indianawagelaw.com
rob@indianawagelaw.com

Defendant's Counsel:

Weston E. Overturf
Kroger, Gardis & Regas, L.L.P.
111 Monument Circle Ste 900
Indianapolis, Indiana 46204
Phone: (317) 777-743
Fax: (317) 264-6832
wovertuf@kgrlaw.com

## II. Jurisdiction and Statement of Claims

A. This Court has federal question jurisdiction, as Plaintiff's Fair Labor Standards Act claim raises a question of federal law. This Court has jurisdiction over Plaintiff's Indiana state law claims pursuant to 28 U.S.C. § 1367.

B. **Plaintiffs' Statement of Claim:** Plaintiff Chelsea Price ("Price") brings this combined Rule 23 class action and FLSA collective action lawsuit against Oakland City University ("OCU") to address class-wide wage and hour and minimum wage violations committed by OCU against her and her fellow coworkers who have not been paid all their earned wages. Price is pursuing Indiana and FLSA claims for unpaid wages and minimum wage violations. Particularly, OCU failed to timely pay all earned wages to the employees under Indiana law and failed to pay the minimum wage required under the FLSA. Simply put, OCU paid no wages at all to employees for their time worked from April 27, 2026 to June 1, 2026. On a class-wide basis, Price seeks all unpaid wages, all unpaid minimum wages, statutory liquidated damages, and payment of her attorneys' fees and costs.

C. **Defendant's Statement of Defenses:** Defendant, OCU denies that there is an eligible class and further takes the position that there are not wage and hour minimum wage violations. Additionally, many if not all employees of OCU have employment agreements with OCU and certain of the alleged violations under the asserted statutes. Furthermore, wages have been paid to employees for their time worked in April and May and as a result OCU denies that OCU "paid no wages at all to employees for their time worked from April 27, 2026 to June 1, 2026", Price's asserted damages are therefore likely less than asserted, if any at all. As discovery proceeds, OCU reserves the right to assert additional defenses to the allegations asserted by Price.

## III. Initial Disclosures and Conditional Certification

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures concerning the named Plaintiff and any opt-in Plaintiffs on or before **December 29, 2026**.

B. The parties propose the deadline for completion of discovery concerning the appropriateness of Rule 23 Class Certification and FLSA Conditional Certification be completed by **March 29, 2027**.

C. The parties propose **May 29, 2027** the deadline for Plaintiff to file a motion seeking Rule 23 Class Certification and FLSA Conditional Certification of this matter as a class and collective action. Response and reply briefs shall be due as provided in Local Rule 7-1.

D. The parties propose to submit an amended Case Management Plan within 30 days after the Court rules on Plaintiff's anticipated motions for class and conditional

certification. In this amended Case Management Plan, the parties will propose a discovery schedule, a schedule for the filing of motions for summary judgment and/or to decertify the collective (if applicable),and address all sections of the Uniform Case Management Plan which are not addressed in this filing.

E. All motions for leave to amend the pleadings and/or to join additional parties shall be filed no later than **45 days after the Court rules upon Plaintiff's Motion for Rule 23 Class Certification and FLSA Collective Action Certification**.)

F. Discovery of electronically stored information ("ESI"). The parties anticipate some measure of ESI could be produced in this case should the matter be certified as a class and/or collective action. The most likely ESI would be time records and pay roll data. If that occurs, either by agreement or by Court order, the parties will confer with 10 days and complete the ESI Supplement to the Report of the Parties' Planning Meeting.

To the extent ESI is produced, the parties agree it will produce in PDF or native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## V. Required Pre-Trial Preparation

**A. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion

should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## VI. <u>Other Matters</u>

None.

/s/ Robert F. Hunt
Robert F. Hunt
Robert J. Hunt
The Law Office of Robert J. Hunt, LLC
1905 S. New Market St., Ste. 168
Carmel, Indiana 46032
Phone: (317) 743-0614
Fax: (317) 743-0615
rfh@indianawagelaw.com
rob@indianawagelaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Weston E. Overturf
Weston E. Overturf
Kroger, Gardis & Regas, L.L.P.
111 Monument Circle Ste 900
Indianapolis, Indiana 46204
Phone: (317) 777-743
Fax: (317) 264-6832
wovertuf@kgrlaw.com

**ATTORNEY FOR DEFENDANT**

******************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON __________ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) ______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____________ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_________________ ON ___________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR __________________________________ AT .M., ROOM _______________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ___________________AT ________.M. COUNSEL SHALL APPEAR:<br>____________ IN PERSON IN ROOM _______; OR<br>____________ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) __________________; OR<br>____________ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) __________________; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ____________________ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

____________________________
Date

__________________________________________
U. S. District Court
Southern District of Indiana